**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **In Proceedings Under Chapter 11** |
| | ) | |
| **Broadway Ford Truck Sales, Inc.,** | ) | **Case No. 26-42179** |
| | ) | |
| **Debtor.** | ) | **Hearing Date: TBD** |
| | ) | **Hearing Time: TBD** |
| | ) | **Hearing Location: TBD** |
| | ) | **Objection Deadline: TBD** |

**MOTION FOR ENTRY OF**
**INTERIM AND FINAL ORDERS AUTHORIZING (I) DEBTOR'S USE**
**OF CASH COLLATERAL PURSUANT TO § 363 OF THE BANKRUPTCY CODE AND**
**THE TERMS OF THE STIPULATION BETWEEN DEBTOR AND FORD MOTOR CREDIT**
**COMPANY LLC, AND (II) SETTING FINAL HEARING FOR USE OF CASH COLLATERAL**

COMES NOW Broadway Ford Truck Sales, Inc., as Debtor and Debtor in Possession ("**Debtor**"), by and through its undersigned counsel, and moves the Court, to, among other things, authorize the Debtor's use of Cash Collateral and all other collateral in which Ford Motor Credit Company LLC ("Ford Credit") has an interest through June 1, 2026, or such other date set by the Court and approved by Ford Credit ("**Interim Period**"), pursuant to section 363 of the Bankruptcy Code on the terms set forth in the stipulation by and between Debtor and Ford Credit attached hereto as **Exhibit A** ("**Stipulation**"), and provide for and schedule a hearing (the "**Final Hearing**") pursuant to Rule 4001(c)(2) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to consider the Final Order authorizing and approving the use of cash collateral pursuant to the terms of the Stipulation as the same may be amended on consent of Ford Credit (the "**Final Order**"). In support of this motion (the "**Motion**"), Debtor respectfully states and allege as follows:

**BACKGROUND AND JURISDICTION**

{24306/00000/3790646.DOCX.}

1.     On May 18 , 2026 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its businesses as debtor in possession. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has been established in this chapter 11 case (the "**Chapter 11 Case**").

2.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this Chapter 11 Case and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.     The Debtor's Pre-Petition Debt Structure**

3.     The Debtor is a privately held corporation organized under the law of the State of Delaware and operating in the state of Missouri.

4.     Since 1997, the Debtor has been in the business of selling and servicing new and used Ford vehicles as an authorized and approved dealer for Ford Motor Company.

5.     Prior to the Petition Date, Ford Credit provided a wholesale line of credit and other financial accommodations to the Debtor pursuant to the terms of the following agreements and all other documents executed in connection therewith (collectively, the "**Ford Credit Loan Documents**"):

a. Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement between Debtor and Ford Credit dated December 18, 1997 (the "**Wholesale Agreement")** pursuant to which Ford Credit agrees to establish and maintain for Debtor, a wholesale line of credit to finance new, used and demonstrator motor vehicles, and other vehicles, equipment, inventory and goods pursuant to the terms and

conditions set forth therein. A copy of the Wholesale Agreement is attached hereto as Exhibit B;

b. Security Agreement by Debtor in favor of Ford Credit dated November 15, 2011 ("**Security Agreement**") pursuant to which Debtor grants Ford Credit a security interest in all of the following assets of Debtor now owned or hereafter acquired and all products and proceeds thereof:   equipment, furniture, fixtures, motor vehicles, accounts, instruments, chattel paper, general intangibles, contract rights, documents, service parts, goods and inventory (collectively, the "**Ford Credit Collateral**").  Ford Credit's security interest in the Ford Credit Collateral was (and remains) perfected by the filing of a UCC-1 financing statement with the Delaware Secretary of State on March 14, 2002 at number 20020873806 as amended and continued from time to time;

c. Assignment of Receivables between Debtor and Ford Credit dated December 3, 2010 ("**Assignment**"); and

d. All other documents executed in connection therewith and related thereto.

6.     Under the Ford Credit Loan Documents, Ford Credit made advances to or on behalf of the Debtor to finance new and used vehicles.

7.     As of the Petition Date, the Debtor has outstanding secured debt obligations to Ford Credit in the aggregate principal amount of approximately $33,700,000 dollars, arising under the Ford Credit Loan Documents (the **"Pre-Petition Obligations").**

10.     The Pre-Petition Obligations are secured by first priority liens on and continuing security interests in all the Ford Credit Collateral, including but not limited to the Debtor's new and used vehicle inventory **(**the **"Merchandise")** and in the proceeds, in whatever form, of any sale or other disposition thereof, and all amounts that may now or hereafter be payable to the

Debtor by the manufacturer, distributor or seller of any of the Merchandise by way of rebate or refund of all or any portion of the purchase price thereof ("**Cash Collateral**")**.**

11.    In addition to the Pre-Petition Obligations, through which Ford Credit is secured by a first-priority lien on Cash Collateral, Debtor believes that St. Louis Bank, Ocean Funding Corp, Moneywell GRP LLC, Gulfstream Capital Solutions LLC may claim a junior interest in cash collateral. Notice of this Motion has been provided to all such creditors.

## DEBTOR'S NEED FOR USE OF CASH COLLATERAL

3.    Debtor requires the use of the Cash Collateral to continue its business operations and to pay their regular daily expenses, including employees' wages, utilities, and other costs of doing business.

4.    A "Proposed Budget", showing the amount of funds needed to maintain Debtor's operations during the Interim Period pending Final Hearing, is attached hereto as **Exhibit C**. Debtor's first-position secured lender, Ford Credit, consents to the use of Cash Collateral as set forth on Exhibit C, subject to approval of and the terms set forth in the Stipulation.

5.    Debtor and Ford Credit have agreed to the terms of the Stipulation, subject to the Court's approval. The terms of the Stipulation are incorporated by reference herein.

6.    The Stipulation and Proposed Budget provide the terms by which Ford Credit allows for conditional sale of Ford Credit's vehicle collateral, and allows for use of Cash Collateral in Debtor's operations.

7.    Debtor cannot carry on the operation of its business without the use of the Cash Collateral. In the absence of the use of the Cash Collateral, serious and irreparable harm to Debtor and its estate would occur. The preservation of Debtor's going concern value and the reduction of

{24306/00000/3790646.DOCX.} and #13375283.3                    4

claims against Debtor are of utmost significance to a successful reorganization of the Debtor under chapter 11 of the Bankruptcy Code.

8.     Debtor's ability to continue in business, remain a viable entity, and to have any prospect to propose a plan of reorganization under chapter 11 of the Bankruptcy Code depend upon obtaining such authority to immediately use the Cash Collateral.

9.     Pursuant to section 363(c)(2) of the Bankruptcy Code, Debtor may use Cash Collateral only with the consent of the creditors secured by that collateral, which in this case is Ford Credit, and with the Court's approval.

10.     Ford Credit consents to the use of Cash Collateral on an interim basis on the terms set forth in the Stipulation and Proposed Budget, and in exchange will be granted the adequate protection set forth in the Stipulation, including, Replacement Liens, continued possessory security interest by holding MSOs, keys and titles of Vehicles, onsite Ford Credit Representatives, payment upon the sale of a Vehicle in certified funds, certain reporting requirements, an adequate protection payment, and certain acknowledgements and agreements of the Debtor.  Capitalized terms not expressly defined in this paragraph are as defined in the Stipulation.

11.     All other purported secured creditors will be granted replacement liens to the same extent and priority as existed prior to the Petition Date.

12.     Approval of an interim order (the "**Interim Order**") is in the best interest of Debtor's estate and Debtor believes that other creditors will not be prejudiced by the entry of the Interim Order.

13.     Debtor requests that it be immediately authorized, pursuant to section 363(c) of the Bankruptcy Code, to use the Cash Collateral according to the terms of the Interim Order.

## **REQUEST FOR INTERIM RELIEF**

{24306/00000/3790646.DOCX.} and #13375283.3          5

14.     Use of the Cash Collateral represents Debtor's sole source of operating funds and working capital.  Without the right to use the Cash Collateral, Debtor would be forced to cease operations.  Debtor therefore seeks, after a preliminary hearing, immediate use of the Cash Collateral and approval of financing to avoid immediate and irreparable harm to Debtor and its estates.

## **NOTICE**

15.     No creditors' committee has been appointed in this Chapter 11 Case.  Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the United States Trustee; (b) Debtor's 20 largest unsecured creditors as identified in its Chapter 11 petition; and (c) any party with an interest in the Cash Collateral.  In light of the nature of the relief requested herein, Debtor submits that no other or further notice is required.

16.     Debtor further requests that the Court deem service of this Motion, pursuant to Bankruptcy Rules 4001(b)(1) and 4001(c)(1) and service of the Interim Order, good and sufficient notice of the final hearing.

## **NO PRIOR REQUEST**

17.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Debtor Broadway Ford Truck Sales, Inc. respectfully requests that this Court enter the Interim Order approving the Debtor's use of Cash Collateral pursuant to the terms of the Stipulation and Proposed Budget, setting a Final Hearing on use of Cash Collateral and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.


By:      /s/ *Thomas H. Riske*
THOMAS H. RISKE #61838MO
NATHAN R. WALLACE #74890MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri  63105
(314) 854-8600
(314) 854-8660 – FAX
ree@carmodymacdonald.com
thr@carmodymacdonald.com
nrw@carmodymacdonald.com

PROPOSED ATTORNEYS FOR DEBTOR

## Exhibit A—Stipulation

Case 26-42179   Doc 3   Filed 05/18/26   Entered 05/18/26 19:11:59   Main Document
Pg 8 of 8

{24306/00000/3790646.DOCX.} and #13375283.3      8