**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **In Proceedings Under Chapter 11** |
| | ) | |
| **Broadway Ford Truck Sales, Inc.,** | ) | **Case No. 26-42179** |
| | ) | |
| **Debtor.** | ) | **Hearing Date: May 21, 2026** |
| | ) | **Hearing Time: 1:30 P.M.** |
| | ) | **Hearing Location: Courtroom 5 North** |
| | ) | **St. Louis, Missouri** |

# MOTION FOR ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, REIMBURSABLE EMPLOYEE EXPENSES, AND OTHER EMPLOYEE BENEFITS

COMES NOW Broadway Ford Truck Sales, Inc., as Debtor and Debtor in Possession ("**Debtor**"), by and through its undersigned counsel, and submits its Motion for Order Authorizing Payment of Prepetition Wages, Salaries, Reimbursable Employee Expenses, and Other Employee Benefits (the "**Motion**"). In support of this Motion, Debtor respectfully represents as follows:

## BACKGROUND AND JURISDICTION

1. On May 18, 2026 (the "**Petition Date**"), Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Missouri. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, Debtor is continuing to operate its business as debtor in possession. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has been established in this chapter 11 case (the "**Chapter 11 Case**").

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Chapter 11 Case and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE EMPLOYEES

3. Debtor currently employs twenty eight (28) salaried employees and fifty six (56) hourly employees (collectively, the "**Employees**"). All Employees are on the payroll of, and are paid by, Debtor.

4. One Employee proposed to be paid by this Motion, Dennis Phillips, is an insider as defined by section 101(31) of the Bankruptcy Code. Each is currently being paid a gross salary of $5,539.00 every two weeks.

5. Employees will suffer great hardship if they were to lose or suffer any delay in receiving their pay and/or benefits.

6. The continued and uninterrupted service of Debtor's existing skilled and dedicated employees is vital to Debtor's reorganization efforts. The employee compensation and reimbursement described in this Motion are reasonable compared to cash and noncash payments provided by other employers and are absolutely necessary to maintain Debtor's work force.

7. Debtor's ability to effectively reorganize its business and/or maximize the value of its assets will be adversely affected if it is unable to retain the services of the Employees. Accordingly, it is essential that the undue hardships that the Employees may suffer as a consequence of this chapter 11 filing be minimized and that morale be maintained.

8. As described more fully herein, the Employees have claims against Debtors consisting of wages, salaries, and workers' compensation (collectively, the "**Prepetition Employee Claims**").

9. Any delay in making scheduled payments and/or providing the employee benefits described herein undermines relationships with the Employees, irreparably impairs morale, and

risks interruption of services at the precise time when employee dedication, confidence, and cooperation are critical.

10. The initiation of this Chapter 11 Case creates a precarious situation for Debtor. The loss of the Employees could have a significant adverse impact upon Debtor's ability to reorganize and upon the value of its assets.

11. To the extent that payment of the amounts described in this Motion may subsequently be determined to be greater than a recipient thereof would otherwise have received if this case was commenced or preceded under chapter 7 of the Bankruptcy Code, Debtor (or any subsequently appointed Trustee) expressly reserves the right to seek recovery of such payments.

12. Approval of the Motion and the payment of the compensation, reimbursements, and benefits described herein are essential to Debtor's reorganization and are in the best interests of all parties-in-interest.

13. Notwithstanding anything contained herein to the contrary, this Motion shall not constitute the assumption of any executory contract of any type, kind, or nature under section 365 of the Bankruptcy Code or otherwise, and is filed without prejudice to Debtor's rights to assume, assume and assign, reject, terminate or modify any of its executory contracts, all of which rights are expressly reserved.

14. In order to effectuate the relief sought in this Motion relating to the payment of the employee obligations discussed herein, Debtor also seeks an order authorizing all applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn on Debtor's employee-related accounts, whether presented prior to or after the Petition Date in accordance with Debtor's stated policies with regard thereto, and with any charges (including

charges for returned or dishonored checks) for the same payable by Debtor, provided sufficient funds exist in the employee-related accounts to cover such payments.

**PREPETITION WAGES**

15. Debtor administers three separate payrolls. One payroll, covering approximately thirty six (36) employees is paid every bi-weekly, the other two payrolls, which encompass approximately fifty (50) employees, is paid weekly.

16. Debtor remains obligated to pay the Employees for work completed before the Petition Date (the "**Prepetition Payroll**"). By this Motion, Debtor requests authority to pay such Prepetition Payroll in the ordinary course of its business. The next regular payroll disbursement for the Employees is scheduled to be made on May 22, 2026, covering the period between May 11, 2026 and May 17, 2026 for the Weekly Payroll and the period of May 4, 2026 through May 17, 2026 for the bi-weekly payroll. The estimated amount of the aggregate Prepetition Payroll, including federal, state, and local tax obligations, for the Employees for this pay period is approximately $227,000.00.

18. In addition, Debtor shall make additional payroll distributions on May 29, 2026 and June 5, 2026 in the amounts of $60,000.00 and $195,000.00, respectively. The May 29, 2026 payroll shall cover the period of May 18, 2026 through May 24, 2026 for employees paid weekly, and the June 5, 2026 payroll shall cover the period of May 18, 2026 through June 3, 2025 for employees paid bi-weekly.

17. No single employee will receive payment in excess of the $13,650.00 amount allowed by 11 U.S.C. § 507 with respect to the Prepetition Payroll.

18. To the extent necessary, Debtor requests authority to pay the Prepetition Payroll in the ordinary course of its business and any related worker's compensation insurance payments.

**PAYROLL DEDUCTIONS**

19. As a convenience and accommodation for the Employees, Debtor makes deductions from the Employees' payroll checks and subsequently pays those funds, along with any required employee refunds, to various third parties. These payroll deductions are for such items as health, supplemental, or life insurance premiums and 401(k) plan contributions, as discussed herein. These funds are not property of the estate under 11 U.S.C. § 541, and accordingly, Debtor requests authority to pay over all such funds to the designated payees.

## **REQUEST FOR RELIEF**

20. Debtor requests that it be authorized but not required to pay the Prepetition Employee Claims described above. Without such relief, the Employees will be irreparably harmed resulting in ill-will towards Debtor and less effective employee performance.

21. No single employee will receive more than the $13,650.00 amount allowed by 11 U.S.C. § 507 with respect to prepetition wages and benefits. To the extent that payment of the amounts described in this Motion may subsequently be determined to be greater than a beneficiary would otherwise have received if these cases were commenced or preceded under chapter 7 of the Bankruptcy Code, Debtor (or any subsequently appointed Trustee) expressly reserves the right to seek recovery of such payments.

## **APPLICABLE LAW**

22. Authority to pay prepetition employee benefits is essential to Debtor's ability to reorganize and is in the best interests of Debtor's estate and all creditors. Bankruptcy courts have recognized the need to satisfy prepetition obligations relating to employees to maintain and protect a debtor's business and preserve employee morale. *See, e.g.*, *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 985 (2017) (citing favorably to the entry of "first day orders" authorizing the payment of prepetition wages where doing so would, among other things, "enable a successful reorganization"); *In re Ionosphere Clubs, Inc.*, 98 B.R. 175 (Bankr. S.D.N.Y. 1989) (granting

authority to pay prepetition wages); *In re Apex Oil Co., et al.*, Order dated February 1, 1988, Chapter 11 Case No. 87-43804-BKC-BSS (Bankr. E. D. Mo.) (authorizing Debtor to pay prepetition wages, vacation pay, income withholding, medical deductions, maintenance, union dues, bonuses, and overtime compensation); *In re Short Enterprises, Inc.*, No. 16-41020-lkg (Bankr. S. D. IL Nov. 30, 2016); *In re Villa Marie Winery, LLC, et al.*, No. 18-30163-lkg (Bankr. S. D. IL March 2, 2018). These authorities and others recognize that it is critical to permit a debtor pay prepetition claims of employees to preserve and protect the debtor's business and ability to reorganize by minimizing disruption to the workforce and maintaining positive employee morale.

23. Debtor is authorized to continue to retain its assets and operate its business pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Section 363(c)(1) of the Bankruptcy Code authorizes Debtor to enter into transactions in the ordinary course of business without notice or a hearing. Thus, with respect to Debtor's authority to continue to provide employee benefits postpetition, no court order is required. However, to minimize disruption and preserve values, Debtor must also honor employee compensation, reimbursements, and benefits that were earned or accrued prepetition or which are based, in whole or in part, upon prepetition services.

WHEREFORE, Debtor respectfully requests that this Court enter an order (i) authorizing but not requiring Debtor, at Debtor's discretion, to pay all Prepetition Employee Claims and other benefits as set forth herein; (ii) authorizing all applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn on Debtor's employee-related accounts, whether presented prior to or after the Petition Date in accordance with Debtor's stated policies with regard thereto, provided sufficient funds exist in the employee-related accounts to cover such payments; and (iii) granting such other and further relief as is just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ *Thomas H. Riske*
THOMAS H. RISKE #61838MO
NATHAN R. WALLACE #74890MO
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
(314) 854-8660 – FAX
thr@carmodymacdonald.com
nrw@carmodymacdonald.com

PROPOSED ATTORNEYS FOR DEBTOR