**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 26-42179-357** |
| | ) | **Chapter 11** |
| **BROADWAY FORD TRUCK SALES, INC.,** | ) | |
| | ) | **Hearing Date: May 21, 2026** |
| **Debtor.** | ) | **Hearing Time: 1:30 p.m.** |
| | ) | |
| | ) | **Related to Doc. 13** |

# INTERIM ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, REIMBURSABLE EMPLOYEE EXPENSES, AND OTHER EMPLOYEE BENEFITS

Upon the Motion for Order Authorizing Payment of Prepetition Wages, Salaries, Reimbursable Employee Expenses, and Other Employee Benefits (the "**Motion**")[1] filed by Broadway Ford Truck Sales, Inc. ("**Debtor**"); and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion under the circumstances having been provided; and a hearing having been held by this Court on May 21, 2026 (the "**Hearing**"); and upon the record made at the Hearing; and this Court having found good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion (Doc. 13) is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code to pay obligations incurred, directly or indirectly, relating to the Prepetition Employee Claims for the Employees covering the period of May 4, 2026 through March 18, 2026;

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

provided that Debtor shall not pay any Employee more than the amount allowed by 11 U.S.C. § 507 on account of such obligations. For purposes of this Order, the Prepetition Employee Claims include not only the payroll-deduction items described in Paragraph 19 of the Motion, but also the employer's share of payroll taxes, insurance premiums, 401(k) plan contributions, and similar expenses related to the Debtor's payroll.

3. All amounts paid pursuant to this order shall be subject to the limitations on the Debtor's use of cash collateral. The Debtor's payment of Prepetition Employee Claims shall not exceed the amounts set forth in Debtor's budget (Doc. 3, Exhibit B).

4. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtor relating to such obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

5. The Debtor is authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's Chapter 11 Case with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

6. Notwithstanding anything contained in the Motion or this Order, any payment made, and any authorization of the Debtor contained herein shall be subject to the terms and

conditions contained in any orders entered by this Court authorizing the use of cash collateral (each such order, a "**Cash Collateral Order**"), the documentation in respect of any such use of cash collateral, and any budget in connection with any such use of cash collateral. To the extent there is any inconsistency between the terms of any Cash Collateral Order and any action taken or proposed to be taken by the Debtor hereunder, the terms of the Cash Collateral Order shall control.

7. Nothing contained in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

8. There is an immediate need for the relief requested, and the provisions of Bankruptcy Rule 6003 are waived.

9. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

11. A Final hearing on the Motion shall be held on **June 3, 2026** at **1:30 p.m.** in Courtroom **5 North** of the United States Bankruptcy Court, Thomas F. Eagleton United States Courthouse, 111 S. Tenth Street, St. Louis, MO 63102.

12. Any objections to the Motion shall be filed with the Court and served by e-mail no later than June 1, 2026 upon Counsel for Debtor: Thomas Riske, Carmody MacDonald, P.C., 120

South Central Ave., Suite 1800, St. Louis, MO 63105 (e-mail: thr@carmodymacdonald.com); Joseph Schlotzhauer, Office of the U.S. Trustee, 111 S Tenth St, Ste 6.353 St. Louis, MO 63102 (email joseph.schlotzhauer@usdoj.gov ); Counsel to Ford Credit: Angela Z. Miller, Phillips Lytle, LLP, One Canalside, 121 Main Street, Buffalo, NY 14203 (email: AMiller@phillipslytle.com) and Eric C. Peterson, Spencer Fane LLP, 1 N. Brentwood Boulevard, Suite 1200, Saint Louis, MO 63105 (email: epeterson@spencerfane.com).

13. Not later than two (2) business days after the date of this Order, the Debtor shall serve a copy of the Order and shall file a certificate of service no later than twenty-four (24) hours after service.

Dated: May 22, 2026
St. Louis, Missouri
cjs

Brian C Walsh

Brian C. Walsh
United States Bankruptcy Judge

Order Prepared by:

**Thomas H. Riske**
**Nathan R. Wallace**
Carmody MacDonald, P.C.
120 South Central Ave., Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
(314) 854-8660 Fax
ATTORNEYS FOR DEBTORS