**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In Re: | ) | Case No. 26-42179 |
| | ) | Chapter 11 |
| BROADWAY FORD TRUCK SALES, INC. | ) | |
| | ) | |
| | ) | |
| Debtor. | | |

**VARILEASE FINANCE, INC. AND VFI TR SPE I, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Varilease Finance, Inc. and VFI TR SPE I, LLC, as assignee of Varilease Finance, Inc. (together, "**Varilease**"), by its undersigned counsel, hereby moves (the "**Motion**") for relief from the automatic stay imposed by 11 U.S.C. § 362(a) with respect to the Varilease Equipment (as defined below). The relief requested by the Motion is further substantiated by the Declaration of Jessica Wilde filed concurrently herewith.

In support of the Motion, Varilease states as follows:

**JURISDICTION**

1. Broadway Ford Truck Sales, Inc. (the "**Debtor**") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "**Code**") on May 18, 2026 (the "**Petition Date**"). On July 30, 2026 (the "**Conversion Date**"), the case was converted to a case under Chapter 7 of the Code (*see* Docket No. 160).

2. This Court has jurisdiction over this motion pursuant 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

4. The Court has authority to grant the relief requested herein pursuant to § 362 of the Code and Federal Rules of Bankruptcy Procedure 4001(a) and 9014.

## THE LEASE AND EQUIPMENT

5. Varilease is a bank-backed, investment-grade rated commercial equipment lessor. Wilde Decl. ¶1. As of the Petition Date, Varilease and the Debtor were parties to that certain Master Lease Agreement ("**Master Lease**") and Schedule No. 01 ("**Schedule**"), each dated as of June 13, 2025 (together, the "**Lease**"). *Id*. ¶3, Exhibit A and Exhibit B.

6. Along with the Master Lease and Schedule, Varilease and the Debtor entered into a series of related transactions and agreements evidencing the acquisition of the property leased to the Debtor by Varilease (collectively, the "**Varilease Equipment**") relating to the operation of the Debtor's business located at 812 E. Talyor Avenue, St. Louis, MO (the "**Property**"), in particular the service department. *Id*. ¶4, Exhibit C.[1]

7. The Lease is a "true lease" and expressly provides that "[Debtor] has no interest in the Equipment except as expressly set forth in the Lease, and that interest is a lease-hold interest." *Id*. at Ex. A, § 8(b). Varilease filed a precautionary Uniform Commercial Code financing statement as to the Varilease Equipment with the Delaware Department of State on May 15, 2025 as Filing No. 2025 3539571. *Id*., Exhibit D.

8. As additional collateral for the Debtor's obligations to Varilease under the Lease, the Debtor granted Varilease a blanket security interest in substantially all of the Debtor's assets under the Lease. *Id*., Exhibit A.[2] Varilease perfected its security interest in the Debtor's assets as

---

[1] Copies of these additional Lease-related documents may be provided upon written request to Varilease's counsel.

[2] Section 2(b) of the Master Lease states as follows: "During the term of the Lease, Lessee grants to Varilease Finance, Inc. as secured party on behalf of each Lessor under this Master Agreement and any Schedule hereto a security interest in any and all goods, chattels, fixtures, equipment, assets, accounts receivable, contract rights, general intangibles and property of every kind wherever located in which Lessee has any interest and the proceeds thereof, and agrees that any security interest created by this Master Agreement secures any and all obligations of Lessee and those of any affiliate of Lessee to Lessor whether now in existence and/or to come into existence."

evidenced by, without limitation, a Uniform Commercial Code financing statement filed with the Delaware Department of State on June 20, 2025 as Filing No: 2025 4456007. *Id*., Exhibit E.

9. To further support the lease transaction between Varilease and the Debtor, Varilease obtained the personal guarantees of Dennis Phillips and Deneen Phillips for all amounts owed to Varilease by the Debtor under the Lease. *Id*., Exhibit F.

10. Varilease also entered into agreements with the Debtor's primary secured creditors, Ford Motor Credit Company LLC and St. Louis Bank, in order to recognize and memorialize Varilease's superior interest in the Varilease Equipment. *Id*. ¶5, Exhibit G and Exhibit H.

11. As of the date of this Motion, the Stipulated Loss Value under the Lease, which represents the amount owed to Varilease in the event of default, is $3,423,008.28, which does not include Varilease's attorneys' fees and costs to date. *Id*. ¶8.

**RELIEF REQUESTED**

12. Varilease requests that the Court modify the automatic stay pursuant to § 362(d) of the Code as to the Varilease Equipment so that Varilease may enforce its rights under the Lease and applicable law, including, without limitation, to initiate steps to take possession and dispose of the Varilease Equipment.

13. Varilease further requests that any order modifying the automatic stay take effect immediately upon entry, notwithstanding 14-day stay provisions of Fed. R. Bankr. P. 4001(a)(4).

**ARGUMENT**

A. *The Varilease Equipment was integral to the operation of the Property but is now in danger of wasting.*

14. The Debtor's "Pro Elite Service Center" opened in 2005, the same year as the Lease transaction. *See Declaration of Dennis Philips in Support of Debtor's Chapter 11 Petition and First Day Relief* filed on May 21, 2026 (Docket No. 24), ¶ 11.

15. The "state-of-the-art" service center "boasts over 85,000 square feet of service capacity under one roof and 56 heavy truck bays" and is "one of only 68 facilities nationwide and the only one within a 200-mile radius." *Id.* at ¶ 11, 20.

16. The Varilease Equipment includes items that were essential to the operation of the service department. However, the Debtor has ceased operating the business and, upon information and belief, the Debtor is no longer in possession of the Property or the Varilease Equipment. Under the terms of the Lease, if the Debtor/Lessee ceases to operate as a going concern, Varilease immediately becomes entitled to take possession of the VFI Equipment. Wilde Decl. ¶6 and Ex. A at § 16.(a)(v).

17. As a result, the Varilease Equipment is at risk of wasting because Varilease does not have possession or control of it, while at the same time other creditors with interests in the Property or the Debtor's other personal property are actively enforcing those interests and such efforts could interfere with Varilease's interests.

18. Varilease's efforts to obtain access to the Property for the limited purpose (prior to stay relief) of examining and inventorying the Varilease Equipment in light of the Debtor's collapse were delayed until recently, exacerbating Varilease's concerns regarding the Varilease Equipment. *Id*. ¶7.

19. Therefore, it is imperative that the stay be terminated for the protection of Varilease's interest in the Varilease Equipment.

B. *Varilease's ownership and rights in the Varilease Equipment is conclusively acknowledged by all stakeholders*.

20. The Debtor recognizes Varilease as having a "first position interest in certain of Debtor's equipment used with Debtor's servicing department."[3] While this is not a completely accurate description since the Lease is a true lease, the Debtor nonetheless concedes that Varilease has an interest that is in "first position."

21. Varilease's interest in the Varilease Equipment has also been acknowledged by Ford Motor Credit Company LLC ("**FMC**") as evidenced by that certain Intercreditor Agreement dated as of September 4, 2025. Wilde Decl. ¶5, Exhibit G. Similarly, the mortgagee of the Property, St. Louis Bank ("**SLB**"), disclaimed and subordinated any interest it may have in the Varilease Equipment as evidenced by that certain Mortgagee Acknowledgment dated as of July 24, 2025. *Id*., Exhibit H.

22. Therefore, FMC's and SLB's respective interests in the Property or the Debtor's personal property are junior and subordinate in all respects to Varilease's interest in the Varilease Equipment.

*C. Varilease is entitled to relief from the automatic stay so that it can immediately begin enforcing its rights under the Lease with respect to the Varilease Equipment.*

23. Section 362(a) of the Code automatically stays certain acts against a debtor and property of a debtor's bankruptcy estate, including "any act to obtain possession of property of the estate…or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). A debtor's estate includes any leasehold interest the debtor holds at the time of its bankruptcy filing. *See* 11 U.S.C.

[3] *See* Declaration of Dennis Phillips in Support of Debtor's Chapter 11 Petition and First Day Relief at Docket No. 24, ¶ 22.

§ 541(a)(1) (estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case").

24. However, the Court may grant a party relief from the automatic stay "for cause…including [a] lack of adequate protection." 11 U.S.C. § 362(d)(1).

25. The Debtor had a limited, conditional right to possess and use the Varilease Equipment provided that there was no default under the Lease. Wilde Decl. Ex. A, §§ 6(b), 16(b).) Specific to this case, if the Debtor ceases operating as a going concern, Varilease immediately becomes entitled to take possession of the Varilease Equipment. *Id*. at §§ 16(a)(v) and 16(b). *See also* § 19(a) (Michigan choice of law) and MCL § 440.2975 (codifying UCC § 2A-525 and providing that "[a]fter a default by the lessee…the lessor has the right to take possession of the goods").

26. Cause exists to terminate the automatic stay relating to the Varilease Equipment for at least the following reasons:

a. The Debtor has ceased operating, so Debtor can no longer derive any benefit from use of the Varilease Equipment.

b. The Debtor failed to make the payments due under the Lease for the months of May through August 2026 (Wilde Decl. ¶8), and the Debtor will be unable to make future payments.

c. Between the Petition Date and the Conversion Date, the Debtor continued to use and rely on the Varilease Equipment without paying for same.

27. Varilease asserts that these circumstances constitute sufficient cause to grant Varilease relief from the automatic stay, and that Varilease lacks adequate protection for these same reasons.

28. In addition to relief for cause, § 362(d)(2) provides that a creditor will be granted relief from the stay to act against an item of property where "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

29. Here, the Debtor has no equity in the Varilease Equipment because it does not own the Varilease Equipment, and the Debtor's attempt to reorganize has failed. Under the terms of the Lease, all Varilease Equipment remains property of Varilease for the duration of the lease term, and possession must be returned to Varilease at the conclusion of the lease term. Wilde Decl. Ex A, § 6(d).

## CONCLUSION

WHEREFORE, Varilease requests that the Court enter an Order, substantially in the form of the proposed order attached to this Motion, granting Varilease relief from the automatic stay in order to:

a. Access and take possession of the Varilease Equipment;

b. Sell, re-lease, or otherwise dispose of the Varilease Equipment in accordance with the Lease and applicable law; and

c. For such additional release in favor of Varilease that is warranted under these circumstances.

Respectfully submitted: August 18, 2026.

**MICHAEL BEST & FRIEDRICH LLP**

By: */s/ Christopher J. Schreiber*
Christopher J. Schreiber Esq., *pro hac vice*
790 N. Water Street, Suite 2500
Milwaukee, WI 53202-4108
Phone: 414.225.8284 (Direct)
Email: cjschreiber@michaelbest.com

**ARMSTRONG TEASDALE LLP**

By: */s/ Erin M. Edelman*
Erin M. Edelman, Esq.
7700 Forsyth Boulevard, Suite 1800
St. Louis, MO 63105
Phone: 314.342.4144
Email: eedelman@atllp.com

*Counsel to Varilease Finance, Inc. and VFI TR SPE I, LLC, as assignee of Varilease Finance, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 18th day of August, 2026, a true and accurate copy of the above and foregoing was e-filed with the Court using the CM/ECF system and mailed via U.S. Mail to the following:

Broadway Ford Truck Sales, Inc.
812 E. Taylor
St. Louis, MO 63147

Carmody MacDonald PC
Attn: Thomas H. Riske
120 South Central Ave., Suite 1800
St. Louis, MO 63105

Gulfstream Capital Solutions LLC
1811 Silverside Road
Wilmington, DE 19810-4345

Gulfstream Capital Solutions
350 Northern Blvd., Suite 324-1253
Albany, NY 12204-1000

Tracy A. Brown
Tracy A. Brown Chapter 7 Trustee
1034 South Brentwood Blvd
Suite 1850
St Louis, MO 63117-1284

Thompson Coburn LLP
Attn: Sonette T. Magnus
One US Bank Plaza
St. Louis, MO 63101

St. Louis Bank
St. Louis Bank d/b/a Saint Louis Bank
9811 South Forty Drive
Ladue, MO 63124-1103

Ford Motor Credit Company LLC,
4515 N Santa Fe Ave. Dept.
Oklahoma City, OK 73118-7901

Spencer Fane LLP
Attn: Eric Peterson
1 N Brentwood Blvd., Suite 1200
St. Louis, MO 63105

Jenkins & Kling P.C.
Attn: Roger Pecha
150 N Meramec Ave, Suite 400
St. Louis, MO 63105

/s/ *Erin M. Edelman*