# Exhibit B

## Schedule No. 01

THIS IS A COPY
The Authoritative Copy of this record is held at NA3.docusign.net

VFI CORPORATE FINANCE
2800 E. Cottonwood Parkway, 2nd Floor, Salt Lake City, UT 84121
www.vfi.net | 801.733.8100

# SCHEDULE NO. 01

SCHEDULE NO. 01 dated June 13, 2025 (the "Schedule") between VARILEASE FINANCE, INC. (the "Lessor") and BROADWAY FORD TRUCK SALES, INC. (the "Lessee") incorporates by reference the terms and conditions of Master Lease Agreement dated June 13, 2025 between Lessor and Lessee (the "Master Agreement") and constitutes a separate lease between Lessor and Lessee. The Schedule and Master Agreement are hereinafter referred to collectively as the "Lease." All capitalized terms used herein but not defined herein shall have the same meanings ascribed to them in the Master Agreement.

1. Equipment: Assorted leasehold improvements, signage, automotive repair equipment, and related equipment as approved by Lessor together with all other equipment and property hereafter purchased pursuant to the terms of the Lease, and any and all additions, enhancements and replacements thereto (collectively, the "Equipment"). Software and soft costs, collectively shall not exceed twenty percent (20%) of the Total Equipment Cost.

   The Equipment shall be more fully and completely described in an Installation Certificate, which shall later be executed by Lessee in connection with the Schedule. Upon Lessee's execution thereof, this section shall be automatically amended to include all equipment and property described in the Installation Certificate.

2. Equipment Location: 812 East Taylor Avenue, Saint Louis, MO 63147

   Upon Lessee's execution of an Installation Certificate in connection with this Schedule, this section shall be automatically amended to include any additional locations specified in the Installation Certificate.

3. Total Equipment Cost: $3,000,000.00

4. Base Term: 24 Months

5. Base Monthly Rental: $136,950.00 (plus applicable sales/use tax)

6. Advance Payment: $136,950.00 applied to the last rental (plus applicable sales/use tax). Lessee shall pay the last rental in advance upon the execution of this Schedule. Lessee acknowledges and agrees that, notwithstanding anything to the contrary herein, this payment is non-refundable to Lessee under any circumstances, including, without limitation, any termination of this Lease for any reason prior to the end of its scheduled term. This payment shall be deemed earned by Lessor, and upon receipt by Lessor, shall immediately be applied to satisfy Lessee's obligation to make the last rental.

7. Base Lease Rate Factor: 0.04565

8. Floating Lease Rate Factor: The Base Lease Rate Factor shown in Section 7, which is used to calculate the Base Monthly Rental, shall increase 0.00008775 for every five (5) basis point increase in 24-month U.S. Treasury Notes, until all Items of Equipment have been installed, at which point the date set forth on the Installation Certificate of the Lease shall have occurred. The 24-month U.S. Treasury Note yield used as the basis for the derivation of the Base Lease Rate Factor contained herein is 3.50%.

9. Equipment Return Location: To Be Advised

10. Special Terms:

    a. Authorization for Automatic Withdrawals: Lessee hereby authorizes Lessor or its assigns to electronically transfer all rental payments and other sums required to fulfill Lessee's contractual obligation under the Lease from Lessee's account maintained with its financial institution, and Lessee agrees to execute and deliver an Authorization Agreement for Automatic Withdrawals to Lessor to effect such transfers. Failure or refusal of Lessee to authorize such transfers or failure of Lessor or its assigns to receive such payments by electronic transfer shall constitute an additional Event of Default under Section 16(a) of the Master Agreement.

    b. Guarantee: Notwithstanding anything to the contrary herein, the parties acknowledge and agree that this Lease is guaranteed by Dennis N. Phillips and Deneen M. Phillips, as set forth in the two (2) Guarantees, each dated June 13, 2025, which are incorporated herein.

    c. Purchase Option: For purposes of this Schedule only, provided no Event of Default has occurred and is continuing, or an event which with the giving of notice or lapse of time, or both, would constitute an Event of Default, Section 19(b)(i) of the Master Agreement shall be deleted in its entirety and replaced with the following: "purchase all, but not less than all, of the Items of Equipment for one dollar ($1.00)." All other terms and conditions of the Master Agreement shall remain in full force and effect without change.

COPY VIEW

THIS IS A COPY
The Authoritative Copy of this record is held at NA3.docusign.net

d. Sale Leaseback: Notwithstanding anything to the contrary herein, the parties acknowledge and agree that all or a portion of this transaction is structured as a sale leaseback, whereby Lessor shall purchase the Equipment from Lessee for purposes of leasing the Equipment back to Lessee in accordance with the terms and conditions set forth in the Sale and Leaseback Agreement dated June 13, 2025, which is incorporated herein. Lessee acknowledges that Lessor's commitment to fund is subject to Lessor's receipt of certified UCC lien searches of Lessee and receipt of necessary lien releases and/or subordination of interest letter(s) in a form acceptable to Lessor in its sole discretion, relating to security interests or other encumbrances with respect to the Equipment.

e. Additional Event of Default; Landlord/Mortgagee Acknowledgment: No later than thirty (30) days after Lessor's payment for any Item of Equipment (the "Default Date"), Lessee shall provide to Lessor, a landlord or mortgagee acknowledgment relating to the Equipment Location at which the Item is located (the "Premises"), in a form acceptable to Lessor in its sole discretion wherein the landlord, mortgagee or other third party disclaims any and all interest, lien, claim or right in and to the Item, notwithstanding that the Item may be affixed to the Premises (the "Acknowledgment"). If the Acknowledgment has not been received by Lessor by the Default Date, Lessor may, in its sole discretion, pursue any one of the following options: (i) allow Lessee additional time to provide the Acknowledgment and extend the Default Date; or (ii) demand that Lessee pay to Lessor a total amount equal to Lessor's payment for the Item, plus all rentals, taxes, late fees and other payments which are due and owing under the Lease within three (3) business days of such demand, and upon receipt of said payment in full, Lessor shall release Lessee from further payment obligations for the Item. In the event such demand for reimbursement is made by Lessor and Lessee fails to reimburse Lessor in accordance with the terms herein, such failure shall automatically constitute an Event of Default under the Lease, Lessee shall waive any right to cure or remedy the default as otherwise provided in the Master Agreement, and Lessor shall be entitled to pursue all of its available remedies under the Lease.

Lessee's execution and delivery of this Schedule shall constitute its offer to lease the Equipment described herein upon the terms and conditions set forth herein. Lessor's subsequent execution of this Schedule in Michigan and delivery to Lessee shall constitute its acceptance of the Lease. The Lease shall be deemed made in Michigan.

Upon Lessor's request, Lessee hereby agrees to provide evidence of Lessee's identity to comply with any applicable law, rule or regulation, including, but not limited to, Section 326 of the "Patriot Act" signed into law on October 26, 2001.

Notwithstanding anything herein or in the Master Agreement to the contrary, Lessee acknowledges and agrees, that Lessor shall be entitled to claim for federal income tax purposes, without limitation, all benefits, credits and deductions related to the Equipment.

Lessee acknowledges that this Schedule authorizes the Lessor, its agents or assignee(s) to sign, execute and file on its behalf any and all necessary documents, including financing statements, other filings and recordings, to make public this lease transaction. The parties intend this transaction to be a true lease, but if any court or tribunal, having power to bind the parties, should conclude that all or part of this Schedule is not a true lease but is in the nature of a sale, consignment, or other transaction, the parties intend and the Lessee hereby grants a continuing security interest in the Equipment and other personal property described in the Master Agreement, whether now owned or hereafter acquired, from the date of this Schedule to secure the payment of all Lessee's indebtedness to Lessor. In the event serial numbers for Items are unavailable upon execution hereof, Lessee authorizes Lessor to amend this Schedule by inserting correct serial numbers with respect to those Items.

THIS SCHEDULE TOGETHER WITH THE MASTER AGREEMENT AND ANY ADDITIONAL PROVISION(S) REFERRED TO IN ITEM 10 CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE LESSOR AND LESSEE AS TO THE LEASE AND THE EQUIPMENT.

| LESSOR: | LESSEE: |
|---|---|
| VARILEASE FINANCE, INC. | BROADWAY FORD TRUCK SALES, INC. |
| By: DocuSigned by: Amanda Christensen 53A3655B405E43D... | By: Signed by: Dennis N. Phillips FB9FFCF8C20B423... |
| Name: Amanda Christensen | Name: Dennis N. Phillips |
| Title: Vice President | Title: President, Chief Executive Officer, and Secretary |

COPY VIEW