# Exhibit F

## Guarantees

VFI CORPORATE FINANCE
2800 E. Cottonwood Parkway, 2nd Floor, Salt Lake City, UT 84121
www.vfi.net | 801.733.8100

# GUARANTEE

To induce VARILEASE FINANCE, INC (and together with any other affiliate entity that is indicated as the lessor under a Schedule, "Lessor") from time to time to extend credit to or for the account of BROADWAY FORD TRUCK SALES, INC. by way of lease, loan, installment sale contract or any other means, the undersigned, DENNIS N. PHILLIPS (the "Guarantor"), hereby agrees as follows:

1. The Guarantor hereby absolutely and unconditionally guarantees to Lessor the full and prompt payment and performance when due of each and every obligation of every type and description that Lessee may now or in the future owe to Lessor whether absolute or contingent or primary or secondary (collectively, the "Obligations" and each an "Obligation"), under and arising out of all Schedules incorporating by reference the terms and conditions of the Master Lease Agreement dated June 13, 2025 (the "Master Agreement") (the Schedule(s) and Master Agreement hereinafter referred to collectively as the "Lease") entered into prior to or after the making and execution of this Guarantee.

2. Guarantor hereby waives (i) notice of the acceptance hereof by Lessor and of the creation and existence of the Obligations and (ii) any and all defenses otherwise available to Guarantor or accommodation party.

3. This Guarantee is absolute and unconditional, and the liability of the Guarantor hereunder shall not be affected or impaired in any way by any of the following, each of which Lessor may agree to without notice to or the consent of the Guarantor: (a) any extension or renewal of any Obligation whether or not for longer than the original period, (b) any change in the terms of payment or other terms of any Obligation or any collateral therefor, or any exchange, release of, or failure to obtain any collateral therefor, (c) any waiver or forbearance granted to Lessee or any other person liable with respect to any Obligation or any release of, compromise with, or failure to assert rights against Lessee or any such other person, (d) the application or failure to apply in any particular manner any payments or credits on the Obligations, and (e) the creation of Obligations from time to time.

4. This Guarantee shall continue in force and be binding upon the Guarantor until all the Obligations under the Lease are paid in full. Any revocation or other termination of this Guarantee shall not be effective as to Obligations under the Lease that remain outstanding or that have been committed for at the time of such revocation or termination, which shall include Obligations relative to any renewals, extensions and refinancings thereof.

5. Lessor shall not be required before exercising and enforcing its rights under this Guarantee first to resort for payment of any Obligation to Lessee or to any other person or to any collateral. The Guarantor agrees not to obtain reimbursement or payment from Lessee or any other person obligated with respect to any Obligation or from any collateral for any Obligation until all Obligations have been paid in full.

6. The Guarantor shall be and remain liable for any deficiency following foreclosure of any mortgage or security interest securing any Obligation whether or not the liability of Lessee under such Obligation is discharged by such foreclosure.

7. If any payment applied to any Obligation is thereafter set aside, recovered, rescinded or required to be returned for any reason (including on account of a preference in the bankruptcy of Lessee), the Obligation to which such payment was applied shall for the purposes of this Guarantee be deemed to have continued in existence notwithstanding such application, and this Guarantee shall be enforceable as to such Obligation as fully as if such application had never been made.

8. The Guarantor agrees to pay all costs, expenses and legal fees paid or incurred by Lessor in connection with enforcing any Obligation and this Guarantee.

9. Guarantor warrants that upon the request of Lessor, Guarantor shall furnish Guarantor's (a) personal income tax return, no later than ten (10) days after filing, and (b) personal financial statements within 30 days following Lessor's request. Failure to provide such requested financial information after written notice to both Lessee and Guarantor of such failure shall constitute an additional Event of Default under Section 16 of the Master Agreement.

10. The Guarantor agrees that this Guarantee shall be governed by and construed in accordance with the laws of the State of Michigan and that jurisdiction for any dispute shall be in the Michigan state or federal courts. The Guarantor agrees that it shall reimburse Lessor for all costs and expenses incurred by Lessor in connection with the enforcement of this Guarantee, including without limitation court costs and actual attorneys fees. THE GUARANTOR AGREES TO SUBMIT TO THE JURISDICTION OF THE STATE AND/OR FEDERAL COURTS IN THE STATE OF MICHIGAN IN ALL MATTERS RELATING TO THIS GUARANTEE. THE PARTIES HERETO AGREE THAT IN THE EVENT OF AN ALLEGED BREACH OF THIS GUARANTEE OR ANY DOCUMENTS RELATING THERETO BY EITHER PARTY, OR ANY CONTROVERSIES ARISE BETWEEN THE PARTIES RELATING TO THIS GUARANTEE OR ANY DOCUMENTS RELATING THERETO, SUCH CONTROVERSIES SHALL BE TRIED BY A JUDGE ALONE BEFORE THE FEDERAL OR STATE COURTS IN OAKLAND COUNTY, MICHIGAN. THE PARTIES, HAVING HAD THE OPPORTUNITY TO CONSULT WITH INDEPENDENT COUNSEL OF THEIR OWN CHOOSING, HEREBY KNOWINGLY AND VOLUNTARILY CONSENT TO MICHIGAN JURISDICTION

COPY VIEW

THIS IS A COPY
The Authoritative Copy of this record is held at NA3.docusign.net

AS SET FORTH HEREIN AND WAIVE THEIR RIGHTS TO A TRIAL BY JURY IN ANY MATTER RELATING TO THIS GUARANTEE OR ANY DOCUMENTS RELATED THERETO.

11. Upon Lessor's request, Guarantor hereby agrees to provide evidence of Guarantor's identity to comply with any applicable law, rule or regulation, including, but not limited to, Section 326 of the "Patriot Act" signed into law on October 26, 2001.

12. In providing the guarantee, the Guarantor has not relied on any explicit or implicit representations, whether made orally or in writing.

13. Lessor may assign this Guarantee to a successor, financing lender and/or purchaser without notice to or the consent of the Guarantor. This Guarantee shall be binding upon the estate, heirs, successors and assigns of the Guarantor, and shall inure to the benefit of the successors and assigns of Lessor.

Dated as of: June 13, 2025

Signed by:
Dennis N. Phillips
FB9FFCF8C20B423...

Phone: 702-480-4560

Principal residence:

3613 Tripoli Blvd.
Punta Gorda, Florida 33950

COPY VIEW

THIS IS A COPY
The Authoritative Copy of this record is held at NA3.docusign.net

VFI CORPORATE FINANCE
2800 E. Cottonwood Parkway, 2nd Floor, Salt Lake City, UT 84121
www.vfi.net | 801.733.8100

# GUARANTEE

To induce VARILEASE FINANCE, INC (and together with any other affiliate entity that is indicated as the lessor under a Schedule, "Lessor") from time to time to extend credit to or for the account of BROADWAY FORD TRUCK SALES, INC. by way of lease, loan, installment sale contract or any other means, the undersigned, DENEEN M. PHILLIPS (the "Guarantor"), hereby agrees as follows:

1. The Guarantor hereby absolutely and unconditionally guarantees to Lessor the full and prompt payment and performance when due of each and every obligation of every type and description that Lessee may now or in the future owe to Lessor whether absolute or contingent or primary or secondary (collectively, the "Obligations" and each an "Obligation"), under and arising out of all Schedules incorporating by reference the terms and conditions of the Master Lease Agreement dated June 13, 2025 (the "Master Agreement") (the Schedule(s) and Master Agreement hereinafter referred to collectively as the "Lease") entered into prior to or after the making and execution of this Guarantee.

2. Guarantor hereby waives (i) notice of the acceptance hereof by Lessor and of the creation and existence of the Obligations and (ii) any and all defenses otherwise available to Guarantor or accommodation party.

3. This Guarantee is absolute and unconditional, and the liability of the Guarantor hereunder shall not be affected or impaired in any way by any of the following, each of which Lessor may agree to without notice to or the consent of the Guarantor: (a) any extension or renewal of any Obligation whether or not for longer than the original period, (b) any change in the terms of payment or other terms of any Obligation or any collateral therefor, or any exchange, release of, or failure to obtain any collateral therefor, (c) any waiver or forbearance granted to Lessee or any other person liable with respect to any Obligation or any release of, compromise with, or failure to assert rights against Lessee or any such other person, (d) the application or failure to apply in any particular manner any payments or credits on the Obligations, and (e) the creation of Obligations from time to time.

4. This Guarantee shall continue in force and be binding upon the Guarantor until all the Obligations under the Lease are paid in full. Any revocation or other termination of this Guarantee shall not be effective as to Obligations under the Lease that remain outstanding or that have been committed for at the time of such revocation or termination, which shall include Obligations relative to any renewals, extensions and refinancings thereof.

5. Lessor shall not be required before exercising and enforcing its rights under this Guarantee first to resort for payment of any Obligation to Lessee or to any other person or to any collateral. The Guarantor agrees not to obtain reimbursement or payment from Lessee or any other person obligated with respect to any Obligation or from any collateral for any Obligation until all Obligations have been paid in full.

6. The Guarantor shall be and remain liable for any deficiency following foreclosure of any mortgage or security interest securing any Obligation whether or not the liability of Lessee under such Obligation is discharged by such foreclosure.

7. If any payment applied to any Obligation is thereafter set aside, recovered, rescinded or required to be returned for any reason (including on account of a preference in the bankruptcy of Lessee), the Obligation to which such payment was applied shall for the purposes of this Guarantee be deemed to have continued in existence notwithstanding such application, and this Guarantee shall be enforceable as to such Obligation as fully as if such application had never been made.

8. The Guarantor agrees to pay all costs, expenses and legal fees paid or incurred by Lessor in connection with enforcing any Obligation and this Guarantee.

9. Guarantor warrants that upon the request of Lessor, Guarantor shall furnish Guarantor's (a) personal income tax return, no later than ten (10) days after filing, and (b) personal financial statements within 30 days following Lessor's request. Failure to provide such requested financial information after written notice to both Lessee and Guarantor of such failure shall constitute an additional Event of Default under Section 16 of the Master Agreement.

10. The Guarantor agrees that this Guarantee shall be governed by and construed in accordance with the laws of the State of Michigan and that jurisdiction for any dispute shall be in the Michigan state or federal courts. The Guarantor agrees that it shall reimburse Lessor for all costs and expenses incurred by Lessor in connection with the enforcement of this Guarantee, including without limitation court costs and actual attorneys fees. THE GUARANTOR AGREES TO SUBMIT TO THE JURISDICTION OF THE STATE AND/OR FEDERAL COURTS IN THE STATE OF MICHIGAN IN ALL MATTERS RELATING TO THIS GUARANTEE. THE PARTIES HERETO AGREE THAT IN THE EVENT OF AN ALLEGED BREACH OF THIS GUARANTEE OR ANY DOCUMENTS RELATING THERETO BY EITHER PARTY, OR ANY CONTROVERSIES ARISE BETWEEN THE PARTIES RELATING TO THIS GUARANTEE OR ANY DOCUMENTS RELATING THERETO, SUCH CONTROVERSIES SHALL BE TRIED BY A JUDGE ALONE BEFORE THE FEDERAL OR STATE COURTS IN OAKLAND COUNTY, MICHIGAN. THE PARTIES, HAVING HAD THE OPPORTUNITY TO CONSULT WITH INDEPENDENT COUNSEL OF THEIR OWN CHOOSING, HEREBY KNOWINGLY AND VOLUNTARILY CONSENT TO MICHIGAN JURISDICTION

COPY VIEW

THIS IS A COPY
The Authoritative Copy of this record is held at NA3.docusign.net

AS SET FORTH HEREIN AND WAIVE THEIR RIGHTS TO A TRIAL BY JURY IN ANY MATTER RELATING TO THIS GUARANTEE OR ANY DOCUMENTS RELATED THERETO.

11. Upon Lessor's request, Guarantor hereby agrees to provide evidence of Guarantor's identity to comply with any applicable law, rule or regulation, including, but not limited to, Section 326 of the "Patriot Act" signed into law on October 26, 2001.

12. In providing the guarantee, the Guarantor has not relied on any explicit or implicit representations, whether made orally or in writing.

13. Lessor may assign this Guarantee to a successor, financing lender and/or purchaser without notice to or the consent of the Guarantor. This Guarantee shall be binding upon the estate, heirs, successors and assigns of the Guarantor, and shall inure to the benefit of the successors and assigns of Lessor.

Dated as of: June 13, 2025

Signed by:
Deneen Phillips
F7E6D8E631F0405...

Phone: 702-467-6902

Principal residence:

3613 Tripoli Blvd.
Punta Gorda, Fl 33950

COPY VIEW