**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| | ) | Case No. 26-42179 |
| Broadway Ford Truck Sales, Inc., | ) | |
| | ) | Honorable Brian C. Walsh |
| Debtor. | ) | |
| | ) | Hearing Date: September 23, 2026 |
| | ) | Hearing Time: 10:00 A.M. |
| | ) | Hearing Location: 111 South 10th Street, |
| | ) | Courtroom 5 North, St. Louis, Missouri |
| | ) | 63102 |
| | ) | Objection Deadline: September 16, 2026 |

**ST. LOUIS BANK'S *AMENDED* NOTICE OF HEARING AND *AMENDED* MOTION FOR RELIEF FROM STAY**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.**

**YOU MUST FILE AND SERVE YOUR RESPONSE BY SEPTEMBER 2, 2026. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

COMES NOW St. Louis Bank (the "Bank"), by and through its undersigned counsel, and respectfully moves this Court for an order modifying the automatic stay pursuant to 11 U.S.C. § 362 (the "Amended Motion"). In support of the Amended Motion, the Bank states as follows:

## INTRODUCTION

1. The Bank files this Amended Motion to amend its original filing. The original Motion (Doc. 137) sought relief with respect to three properties: 1506 South 7th Street, St. Louis, Missouri 63104 (the "7th Street Property"), 1410 South Broadway Street, St. Louis, Missouri 63104 (the "Broadway Property"), and 812-860 East Taylor Avenue, St. Louis, Missouri 63147 (the "Taylor Property").

2. The Bank has since determined that it recorded releases in February 2025 of its Deed of Trust and Assignment of Rents for both the 7th Street Property and the Broadway Property.

3. Accordingly, the Bank no longer holds a perfected lien as to those properties and withdraws any request for relief as to them.

4. The Bank seeks relief from the automatic stay solely with respect to the Taylor Property, as to which the Bank maintains a valid, perfected security interest.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Amended Motion pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (G).

## FACTUAL BACKGROUND

8. On May 18, 2026, Broadway Ford Truck Sales, Inc. ("Debtor") filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code. Since the initial filing, this action has been converted and is now proceeding under Chapter 7 of the Bankruptcy Code.

9. The relevant collateral for this Amended Motion is the Taylor Property, commonly known as 812-860 East Taylor Avenue, St. Louis, Missouri 63147, with a legal description of:

A parcel of land in Biddle's Estate Subdivision, and in City Block 4398 of the City of St. Louis, Missouri, consisting of all of Lot 2 and part of Lots 1, 3 and 4 of said subdivision, and more particularly described as: Commencing at the Southeast corner of Lot 2, which is the intersection of the Northwestern line of Carrie Avenue, 30 feet wide, and the Southwestern line of North Broadway, 108 feet wide; thence Southwesterly along the Northwest line of Carrie Avenue, 411.96 feet to a point; thence in a straight line, in a Westerly direction, to a point (the said point being exactly 221 feet Southeast of the Southeastern line of East Taylor Avenue, as measured along a line at right angles to said East Taylor Avenue and exactly 280 feet Northeast of the West corner of Lot No. 4, as measured along said Southeastern line of East Taylor Avenue); thence generally Westerly along a straight line to a point on the Southwestern line of said Lot 4 (said point being determined by the prolongation of the aforesaid straight line Westwardly to its intersection with the centerline of an unimproved former street, paralleling the aforesaid Southwestern line of Lot 4, and which intersection with said centerline is exactly 122 feet Southeast of the aforesaid Southeastern line of East Taylor Avenue, as measured along said centerline); thence Northwest along said Southwestern line of Lot 4 to its intersection with the Southeastern line of East Taylor Avenue; thence Northeastwardly along said Southeastern line of East Taylor Avenue, 986.00 feet, more or less, to a point; thence leaving said Taylor Avenue in a Southeasterly direction a distance of 178.28 feet to a point; thence Northeastwardly on a line parallel to the Southeast line of Taylor Avenue, a distance of 114.11 feet to the Southwest line of North Broadway; thence Southwardly along North Broadway, 364.83 feet, more or less, to the point of beginning.

10. First, Debtor and STL Growth Development LLC executed Promissory Note No. 446639, dated December 28, 2021, in the original principal amount of $7,117,255.00 (as amended, the "2021 Note"). A true and accurate copy of the 2021 Note is attached hereto and incorporated herein as the Bank's **Exhibit "A"**.

11. The 2021 Note identifies the Taylor Property as collateral through a Deed of Trust and Assignment of Rents dated December 28, 2021 ("Taylor DOT"). A true and accurate copy of the Taylor DOT is attached hereto and incorporated herein as the Bank's **Exhibit "B"**. The 2021 Note states that the Taylor DOT secures future advances up to a maximum principal amount of $7,117,256.00.

12. Second, Dennis N. Phillips executed Promissory Note No. 446805, dated March 8, 2022, in the original principal amount of $3,337,000.00 (as amended, the "Phillips Note"). A true

and accurate copy of the Phillips Note is attached hereto and incorporated herein as the Bank's **Exhibit "C"**.

13. Debtor and STL Growth Development LLC are identified as unlimited guarantors of the Phillips Note in the related loan documents. The Phillips Note expressly states that it is cross-collateralized with the 2021 Note and secured by the Taylor DOT. The December 28, 2023 Change in Terms Agreement for the Phillips Note extended the maturity date to December 28, 2028, confirmed Debtor and STL Growth Development LLC as unlimited guarantors, and again identified the Taylor Property cross-collateralization.

14. Third, Debtor and STL Growth Development LLC executed Promissory Note No. 447984, dated December 31, 2025, in the original principal amount of $1,350,000.00 (the "2025 Note"). The 2025 Note states that it is secured by the Taylor DOT. A true and accurate copy of the 2025 Note is attached hereto and incorporated herein as the Bank's **Exhibit "D"**.

15. As modified, the Taylor Property DOT secures all future advances and includes an assignment of rents arising from leases of the Taylor Property.

16. The February 2025 releases affect only the 7th Street and Broadway Street properties – they do not release the Taylor Property. True and accurate copies of the foregoing releases are attached hereto and incorporated herein as the Bank's **Exhibit "E"**.

17. The Bank's secured obligations therefore remain secured by the Taylor Property under the 2021 Note, the Phillips Note as cross-collateralized and guaranteed, and the 2025 Note.

18. Debtor is in default under the Bank's loan documents and has failed to make post-petition payments acceptable to the Bank.

19. As of May 18, 2026, the amount due on the 2021 Note was $3,630,499.58, exclusive of attorneys' fees.

20. As of May 18, 2026, the amount due on the Phillips Note was $3,207,146.17, exclusive of attorneys' fees.

21. As of May 18, 2026, the amount due on the 2025 Note was $1,280,501.06, exclusive of attorneys' fees

22. The Bank reserves all rights to seek allowance or recovery of its attorneys' fees, costs, and expenses pursuant to the applicable loan documents, the Bankruptcy Code, and all other applicable law.

## LEGAL STANDARD

23. Under 11 U.S.C. § 362(d), the Court shall grant relief from the automatic stay for cause, including the lack of adequate protection of a creditor's interest in property. Adequate protection is intended to protect a secured creditor from a decline in the value of its collateral during the bankruptcy case and may be provided through periodic cash payments, replacement liens, or other relief that provides the creditor with the indubitable equivalent of its interest. 11 U.S.C. § 361; *In re Martin*, 761 F.2d 472 (8th Cir. 1985).

## ARGUMENT

24. The Bank is entitled to relief from the stay as to the Taylor Property under § 362(d)(1) as the Bank holds a valid, perfected security interest in the Taylor Property. Relief from stay under § 362(d)(1) is determined on a case-by-case basis and the Bank has established a *prima facie* case of cause under § 362(d)(1) through Debtor's ongoing failure to make post-petition payments, Debtor's defaults under both notes, and Debtor's stated intention to liquidate rather than reorganize.

25. As set forth herein, the Bank holds loan documents granting it security rights in Taylor Property. The 2021 Note is secured by the Taylor DOT, the Phillips Note is cross

collateralized to the 2021 Note and the Taylor Property, and the 2025 Note is also secured by the Taylor DOT.

26. The February 2025 releases recorded as to 7th Street and Broadway properties do *not* affect the Bank's request for relief as to the Taylor Property.

27. Debtor remains in default and continued application of the automatic stay prevents the Bank from exercising its contractual and state-law remedies against the Taylor Property, including foreclosure, collection of rents, and possession. Under these circumstances, cause exists to grant relief from the stay as to the Taylor Property. *In re Living Hope Southeast, LLC*, 505 B.R. 237, 242 (2014); see also *Grisham v. Mission Bank*, 531 S.W.3d 522, 532 (2017) (demonstrating that Missouri law recognizes security instruments securing future advances and future obligations, including obligations arising after the security instrument)).

**RELIEF REQUESTED**

28. As set forth above, the Bank has established good and sufficient cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1) with respect to the Taylor Property.

29. Continuation of the automatic stay merely delays the Bank's exercise of its contractual and state law remedies.

30. Accordingly, cause exists to terminate the automatic stay so that the Bank may enforce its rights against the collateral securing the 2025 Note.

WHEREFORE, St. Louis Bank respectfully requests that the Court: i) grant relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit the Bank to exercise its rights and remedies under the aforementioned loan documents and state law with respect to the Taylor Property, including foreclosure, collection of rents, and possession; ii) provide that any order granting relief from stay is not subject to the fourteen-day stay under Federal Rule of Bankruptcy Procedure

4001(a)(3); iii) provide that any relief granted survives conversion of this case to another chapter; iv) award the Bank its reasonable attorneys' fees, costs, and expenses as provided in the loan documents and applicable law; and v) grant such other and further relief as the Court deems just and proper.

Dated: August 25, 2026

Respectfully submitted,

JENKINS & KLING, P.C.

By: /s/ *Katherine I. McLaughlin*

Roger W. Pecha, #41853MO
Katherine I. McLaughlin, #69734MO
150 North Meramec Avenue, Ste. 400
St. Louis, Missouri 63105
Telephone: (314) 721-2525
rpecha@jenkinskling.com
kmclaughlin@jenkinskling.com

*Attorneys for St. Louis Bank*

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the United States Bankruptcy Court via the CM/ECF system on August 25, 2026, and that notice of such filing will be sent electronically by the Court to all registered CM/ECF participants as indicated on the Notice of Electronic Filing.

I further certify that I caused service to be made by United States mail, postage prepaid, on all non-CM/ECF participants listed on the Notice of Electronic Filing by depositing same in a post office official depository under the exclusive custody of the United States Postal Service.

/s/ *Katherine I. McLaughlin*