**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| | ) | Case No. 26-42179 |
| Broadway Ford Truck Sales, Inc., | ) | |
| | ) | Honorable Brian C. Walsh |
| Debtor. | ) | |
| | ) | |

**ST. LOUIS BANK'S OBJECTION TO VARILEASE FINANCE, INC. AND VFI TR SPE I, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

St. Louis Bank, by and through its undersigned counsel, hereby respectfully submits this Objection to Varilease Finance, Inc. and VFI TR SPE I, LLC's Motion for Relief from the Automatic Stay (Doc. No. 177) (the "Varilease Motion"), and in support thereof states as follows:

1. St. Louis Bank files this Objection to preserve its secured interests in the real property located at 812-860 East Taylor Avenue, St. Louis, Missouri 63147 (the "Taylor Property"), and to ensure that any relief granted to Varilease does not impair St. Louis Bank's perfected first-priority deed of trust, fixture rights, collateral interests, or ability to be heard on matters affecting its security.

2. However, absent such resolution, St. Louis Bank requests that this Court condition any relief granted in a manner that protects St. Louis Bank's rights.

## FACTUAL BACKGROUND

3. On May 18, 2026, Broadway Ford Truck Sales, Inc. ("Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On July 30, 2026, this case was converted to a proceeding under Chapter 7.

4. St. Louis Bank holds a valid, perfected security interest in the Taylor Property pursuant to a Deed of Trust and Assignment of Rents dated December 28, 2021, recorded in the

City of St. Louis, Missouri records on January 5, 2022 at Book 01052022, Page 0221 (the "Taylor DOT").

5. The Taylor Property is Debtor's principal place of business.

6. The Taylor DOT secures multiple promissory notes, including: (a) Promissory Note No. 446639 dated December 28, 2021, in the original principal amount of $7,117,255.00 (as amended, the "2021 Note"); (b) Promissory Note No. 446805 dated March 8, 2022, in the original principal amount of $3,337,000.00 (as amended, the "Phillips Note"), which is cross-collateralized with the 2021 Note and secured by the Taylor DOT; and (c) Promissory Note No. 447984 dated December 31, 2025, in the original principal amount of $1,350,000.00 (the "2025 Note"), which is also secured by the Taylor DOT.

7. As of May 18, 2026, the aggregate amount due to St. Louis Bank under the foregoing notes exceeded $8,118,146.81, exclusive of attorneys' fees, costs, and expenses.

8. St. Louis Bank filed its Amended Notice of Hearing and Amended Motion for Relief from Stay on August 25, 2026 (Doc. No. 183), seeking relief solely with respect to the Taylor Property.

9. Varilease filed its Motion for Relief from the Automatic Stay on August 18, 2026, asserting rights in certain equipment allegedly located at the Taylor Property (the "Varilease Equipment") pursuant to a Master Lease Agreement and Schedule No. 01, each dated June 13, 2025.

**ARGUMENT**

10. St. Louis Bank's first-priority deed of trust and fixture rights must be preserved as it holds a perfected first-priority security interest in the Taylor Property, including all improvements, fixtures, and equipment affixed thereto, as more fully described in the Taylor DOT.

11. The Taylor DOT expressly grants St. Louis Bank a security interest in "all existing or subsequently erected or affixed buildings, improvements and fixtures" and "all equipment, fixtures, and other articles of personal property now or hereafter owned by Grantor, and now or hereafter attached or affixed to the Real Property."

12. Under Missouri law, equipment and personal property that is affixed to real property may constitute fixtures in which a real estate mortgagee holds a superior interest. S*ee* *Cattoor v. Wells*, 641 S.W.2d 492, 494 (Mo. App. 1982) (holding that if property retains its character as a fixture at the time of foreclosure sale under a deed of trust, the fixture passes by the sale of the real property without requirement that the deed of trust specifically refer to the fixture); *Marsh v. Spradling*, 537 S.W.2d 402, 404 (Mo. 1976) (holding that when personal property is annexed to real estate with intent to make it a permanent accession, title passes to the owner of the real estate absent contrary agreement); R.S.Mo. § 400.9-334(c) (providing that, in cases not governed by specific exceptions, a security interest in fixtures is subordinate to a conflicting interest of an encumbrancer or owner of the related real property other than the debtor).

13. Any relief granted to Varilease that permits removal, sale, or disposition of fixtures from the Taylor Property would impair the value of St. Louis Bank's collateral and diminish St. Louis Bank's recovery on its secured claims.

14. Additionally, Varilease asserts that it obtained a "Mortgagee Acknowledgment" from St. Louis Bank dated July 24, 2025, in which St. Louis Bank purportedly "disclaimed and subordinated any interest it may have in the Varilease Equipment." St. Louis Bank disagrees with this assertion and expressly reserves all rights to contest the extent to which any prior acknowledgment or agreement may apply to specific items of collateral, the characterization of such collateral as fixtures or personal property, or the priority of competing interests.

15. St. Louis Bank's filing of its own Amended Motion for Relief from Stay demonstrates that St. Louis Bank has not abandoned its collateral position and intends to enforce its rights against the Taylor Property and all collateral securing its loans.

16. St. Louis Bank does not seek unnecessary delay and recognizes that Varilease may have legitimate interests in certain equipment located at the Taylor Property and does not seek to cause unnecessary delay in Varilease's ability to protect those interests.

17. St. Louis Bank believes that the competing interests of the parties may be resolved through further coordination, and agreement regarding the identification, valuation, and disposition of collateral.

18. Absent such consensual resolution, St. Louis Bank requests that this Court deny the Varilease Motion or condition any relief in a manner that preserves St. Louis Bank's deed of trust, fixture rights, collateral interests, and opportunity to be heard.

19. If the Court grants the Varilease Motion in whole or in part, St. Louis Bank respectfully requests that any order granting relief include the following conditions:

a. Varilease shall provide St. Louis Bank with advance written notice and a detailed inventory of any equipment or personal property it intends to remove from the Taylor Property, including a description sufficient to permit St. Louis Bank to assess whether such property constitutes fixtures or collateral in which St. Louis Bank holds a security interest;

b. St. Louis Bank shall have the right to object to the removal of any specific items of equipment or property on the grounds that such items constitute fixtures or collateral in which St. Louis Bank holds a superior or co-equal interest;

c. Any proceeds realized from the sale or disposition of equipment or property removed from the Taylor Property shall be held in escrow or subjected to a carve-out pending resolution of any competing claims between St. Louis Bank and Varilease;

d. Varilease shall not take any action that impairs the structural integrity or value of the Taylor Property or any improvements thereon; and

e. The Court's order shall expressly preserve St. Louis Bank's right to assert and litigate fixture claims, priority disputes, and collateral valuation issues in this case or in a separate adversary proceeding.

WHEREFORE, St. Louis Bank respectfully requests that this Court deny the Varilease Motion for Relief from the Automatic Stay in its entirety; or, in the alternative, condition any relief granted to Varilease in a manner that preserves St. Louis Bank's deed of trust, fixture rights, collateral interests, and ability to be heard, including but not limited to the conditions set forth in paragraph 23 above; preserve St. Louis Bank's right to assert and litigate all claims, defenses, and priority disputes relating to the Taylor Property and any equipment, fixtures, or collateral located thereon; and grant such other and further relief as the Court deems just and proper.

Dated: September 2, 2026

Respectfully submitted,

JENKINS & KLING, P.C.

By: /s/ *Katherine I. McLaughlin*

Roger W. Pecha, #41853MO
Katherine I. McLaughlin, #69734MO
150 North Meramec Avenue, Ste. 400
St. Louis, Missouri 63105
Telephone: (314) 721-2525
rpecha@jenkinskling.com
kmclaughlin@jenkinskling.com

*Attorneys for St. Louis Bank*

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that a true and correct copy of the foregoing document was filed electronically with the Clerk of the United States Bankruptcy Court via the CM/ECF system on September 2, 2026, and that notice of such filing will be sent electronically by the Court to all registered CM/ECF participants as indicated on the Notice of Electronic Filing.

I further certify that I caused service to be made by United States mail, postage prepaid, on all non-CM/ECF participants listed on the Notice of Electronic Filing by depositing same in a post office official depository under the exclusive custody of the United States Postal Service.

/s/ *Katherine I. McLaughlin*