**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 7** |
| | ) | |
| **Broadway Ford Truck Sales, Inc.,** | ) | **Case No. 26-42179** |
| | ) | |
| **Debtor.** | ) | **Hearing: October 28, 2026 at 10am (CST)** |
| | ) | **Courtroom 5 North** |
| | ) | **Honorable Brian C. Walsh** |

**NOTICE OF HEARING**

**WARNING: THIS MOTION TO APPROVE COMPROMISE SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BY OCTOBER 21, 2026. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

**IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. THE DATE IS SET OUT ABOVE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**PLEASE TAKE FURTHER NOTICE that a hearing will be held to consider the Motion to Approve Settlement on October 28, 2026 at 10:00 a.m. (Central Time), or as soon thereafter as the matter may be heard, in Courtroom 5 North of the Honorable Brian C. Walsh, located at Thomas F. Eagleton United States Courthouse, 111 South 10th Street, St. Louis, Missouri 63102.**

**PLEASE TAKE FURTHER NOTICE that if you do not want the Court to grant the relief requested in the Motion, or if you want the Court to consider your views on the Motion, then you or your attorney must file a response by deadline as stated above. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order granting the relief requested in the Motion.**

# TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT AND MEMORANDUM IN SUPPORT

COMES NOW, Tracy A. Brown, the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Broadway Ford Truck Sales, Inc. (the "Debtor"), by and through her undersigned counsel, does hereby move this Court for entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), approving the Settlement and Release Agreement (the "Settlement Agreement") between the Trustee and Gateway Bronco, LLC ("Gateway"), and in support thereof, respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On or about May 18, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.
3. On July 30, 2026, the case was converted to a case under Chapter 7 of the Bankruptcy Code, and Tracy A. Brown was duly appointed as the Chapter 7 Trustee.

## FACTUAL BACKGROUND

4. Blue Water Innovations, LLC d/b/a Gateway Broncos, LLC (‘Gateway”) is a motor vehicle dealer based in Hamel, Illinois.

5. Gateway was previously a customer of the Debtor. Gateway made periodic payments against the amount that it owed the Debtor for the purchase of vehicles, but an unpaid balance remains.
6. As of the Petition Date, Gateway owed the Debtor $211,854.57.
7. The Trustee made demand upon Gateway to pay said sum to the Debtor's bankruptcy estate, plus simple interest at 6.5%.
8. After arm's-length negotiations, the Trustee and Gateway have reached a compromise and settlement, the material terms of which are as follows:
    a. Commencing on September 30th, and on the 15th of each successive month thereafter, Gateway will pay to the Trustee not less than $9,821.65 per month, for a total of twenty-three (23) monthly payments.
    b. Payments shall be made by cashier's check, made out to "Tracy A. Brown, Chapter 7 Trustee for Broadway Ford," and mailed to the Trustee at 1034 S. Brentwood Blvd., Suite 1850, St. Louis, MO 63117.
    c. No new purchases will be made by Gateway from the Debtor, as Debtor has ceased operations.
    d. Gateway shall have the right, but not the obligation, to make prepayments, in whole or in part, at any time without penalty.
    e. Upon receipt of all payments, the Trustee will forever release, acquit, and discharge Gateway, its successors, assigns, legal representatives, members, officers, directors, employees, agents, independent contractors, related business entities, and insurance providers from any and all claims, demands, or causes of action related to the matters set forth in the Settlement Agreement.

9. The total payments under the Settlement Agreement amount to approximately $225,897.95 (23 payments × $9,821.65), which represents recovery of the full principal amount of $211,854.57 owed to the estate, plus a portion of accrued interest. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1.

## LEGAL STANDARD

10. Bankruptcy Rule 9019 grants this Court the authority to approve the settlement of claims and controversies after notice and a hearing. Specifically, Bankruptcy Rule 9019(a) provides:

> On the [trustee's] motion and after notice and a hearing, the court may approve a compromise or settlement. Notice must be given to: all creditors; the United States trustee; . . . and any other entity the court designates.

Fed. R. Bankr. P. 9019(a).

11. Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may approve a compromise or settlement so long as the proposed settlement is "fair and equitable and in the best interests of the estate." *TooBaRoo, LLC v. W. Robidoux, Inc.*, 135 F.4th 1133, 1138 (8th Cir. 2025); *see also In re Apex Oil Co.*, 92 B.R. 847, 866–67 (Bankr. E.D. Mo. 1988) (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)); *In re Cockhren*, 468 B.R. 838, 845–46 (8th Cir. 2012). The proposed settlement need not result in the best possible outcome for the estate, but must not "fall below the lowest point in the range of reasonableness." *Tri-State Financial, LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008) (citing *TMT Trailer Ferry*, 390 U.S. at 424).

12. Relying on the guiding language of *TMT Trailer Ferry*, courts in this circuit have set forth the following factors regarding the reasonableness of settlements (the "TMT Factors"):

    a. the probability of success in the litigation;

    b. the difficulties, if any, to be encountered in the matter of collection;

c. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

d. the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Tri-State Financial*, 525 F.3d at 654; *see also TooBaRoo, LLC v. W. Robidoux, Inc.*, 135 F.4th at 1138–1139.

13. Ultimately, approval of a compromise is within the sound discretion of the bankruptcy court. *See Tri-State Financial*, 525 F.3d at 654 (citing *In re New Concept Housing, Inc.*, 951 F.2d 932, 939 (8th Cir. 1991) ("A bankruptcy court's approval of a settlement will not be set aside unless there is plain error or abuse of discretion.")). It is the responsibility of the bankruptcy court to examine a settlement and determine whether it "fall[s] below the lowest point in the range of reasonableness." *Tri-State Financial*, 525 F.3d at 654.

14. In assessing whether a settlement is in the best interests of the estate, "[i]t is not necessary for the court to conduct a 'mini-trial' of the facts or the merits underlying [each] dispute." *In re Adelphia Commc'ns, Inc.*, 327 B.R. 143, 166–67 (Bankr. S.D.N.Y. 2005). Rather, the court must be "apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment." *In re NII Holdings, Inc.*, 536 B.R. 61, 99 (Bankr. S.D.N.Y. 2015). In conducting its analysis of a settlement, "a court may rely on the opinions of the debtor, the parties to the settlement, and professionals in evaluating the necessary facts, and it should factor in the debtor's exercise of its business judgment in recommending the settlement." *Id.*

## THE SETTLEMENT SHOULD BE APPROVED

### A. Probability of Success in Litigation

15. Application of the *Tri-State* factors supports settlement. While the Trustee believes the estate holds a valid claim against Gateway for the outstanding balance of $211,854.57, any litigation carries inherent uncertainty. Gateway has represented that it is unable to pay the full amount owed in a lump sum. Litigation to recover the amount owed in a lump sum is therefore impractical, would involve time, expense, and risk, with no guarantee of a better outcome – indeed, Trustee submits that litigation would undoubtedly yield a less favorable outcome than the terms of the Settlement Agreement.

### B. Difficulties in Collection

16. Even if the Trustee were to obtain a judgment against Gateway, collection of any such judgment is uncertain. The Settlement Agreement provides for structured payments totaling approximately $225,897.95, which represents full recovery of the principal debt plus a portion of interest. This structured payment plan avoids the cost and uncertainty associated with attempting to enforce a judgment.

### C. Complexity, Expense, Inconvenience, and Delay of Litigation

17. Pursuing litigation against Gateway would require the estate to expend significant resources, including attorneys' fees and costs, which would reduce the ultimate recovery for the estate's creditors. The Settlement Agreement avoids the expense and delay inherent in litigation and provides a certain, structured recovery for the estate.

**D. Paramount Interest of the Creditors**

18. The Settlement Agreement is in the best interest of creditors because it provides for recovery of the full principal amount owed to the estate, plus a portion of the accrued interest, without the expense, delay, and risk associated with litigation. Approval of the settlement will allow the Trustee to bring resources into the estate which can in turn be used to make distributions in an efficient and timely manner pursuant to the priorities established by Section 726 of the Bankruptcy Code.

## RESERVATION OF RIGHTS

19. Except as expressly set forth herein, nothing contained herein or any actions taken pursuant to such relief requested is intended to be or should be construed as: (a) a waiver of the Trustee's or any other party in interest's right to dispute any claim on any grounds; (b) a promise or requirement to pay any claim; (c) a waiver or limitation of the Trustee's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

A. Approving the Settlement and Release Agreement between the Trustee and Gateway Broncos, LLC pursuant to Federal Rule of Bankruptcy Procedure 9019;

B. Authorizing the Trustee to execute any and all documents and take such other actions as may be necessary to effectuate the terms of the Settlement Agreement; and

C. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THOMPSON COBURN LLP**

By: ________________________________________

Sonette T. Magnus, #68606
One US Bank Plaza
St. Louis, Missouri 63101
Tel: 314-552-6500
Fax: 314-552-7000
smagnus@thompsoncoburn.com

*Attorneys for Chapter 7 Trustee Tracy A. Brown*

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on September 21, 2026, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, postage fully pre-paid, addressed to those parties listed on September 22, 2026:

Office of the United States Trustee
111 S. 10th Street, Suite 6353
St. Louis, MO 63102



Sonette T. Magnus, #68606