# EXHIBIT 1

CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement ("Agreement") is made and entered into by and between Gateway Bronco, LLC ("Gateway") and Tracy A. Brown, Chapter 7 Trustee ("Trustee") for Broadway Ford Truck Sales, Inc. ("Broadway"), (collectively the "Parties") as of the last date set forth on the signature page of this Agreement, with respect to the following:

A. Gateway was previously a customer of Broadway.

B. Gateway made periodic payments against the amount that it owed Broadway but an unpaid balance remains.

C. On or about May 18, 2026, Broadway filed for protection under Chapter 11 of the United States Bankruptcy Code. Said Bankruptcy proceeding is now pending in the United States Bankruptcy Court, District of Missouri , Case No. 26-42179. On July 30, 2026, the case was converted to Chapter 7, and Tracy A. Brown was duly appointed as Trustee over this Bankruptcy proceeding.

D. As of the date said Bankruptcy proceeding was filed, Gateway owed Broadway $211,854.57.

E. The Trustee has made demand upon Gateway to pay said sum to the Broadway bankruptcy estate, plus simple interest at 6.5%. As the total amount cannot be paid by Gateway as a lump-sum payment, the Parties have agreed to a payment plan, as follows:

1. Commencing on September 30th, and on the 15th of the month each successive month for twenty three (23) total payments, Gateway will pay to the Trustee not less than $9,821.65. Payments shall be by cashiers check, made out to "Tracy A. Brown, Chapter 7 Trustee for Broadway Ford", and shall be mailed to the Trustee as follows:

**Tracy A. Brown, Chapter 7 Trustee**
**1034 S. Brentwood Blvd., Suite 1850**
**St. Louis, MO 63117**

2. No new purchases will be made by Gateway from Broadway.

3. Payments shall be deemed made when the check is delivered and received by Tracy A. Brown. For the purposes of this Agreement only, a Business Day shall not include a Saturday, Sunday, state recognized holiday or federal recognized holiday. Gateway shall have the right but not the obligation to make prepayments, in whole or in part, at any time without penalty.

4. **Consideration and Release of Gateway by Trustee**. Upon return of the payments made to date on the Purchase Order "Deposits Paid" Trustee for Broadway does hereinafter forever release, acquit and discharge Gateway Bronco, its successors, assigns, legal representatives, members, officers, directors, employees, agents, independent contractors, related business entities and insurance providers from any and all claims, demands or causes of action, recognized at law or in equity founded upon statute,

common law or administrative regulation, known or unknown, secreted or concealed, mature or not yet mature that Broadway may now possess or in the future possess which relates in any way or arises out of any facts set forth above.

5. **Non-disparagement**. The Parties mutually agree that they will not, directly or indirectly, make any statement, oral or written, or perform any act or omission that is or could be disparaging or detrimental to the professional reputation or goodwill of any other party to this Agreement.

6. **Representations and Warranties**. The Parties represent and warrant to each other that:

(i) The consideration provided in this Agreement is all the consideration any Party hereto shall receive and there are no promises, written or oral, express or implied, for the receipt or payment of any additional consideration made by any Party so as to induce any other Party hereto to execute this Agreement;

(ii) Each Party to this Agreement has had an opportunity to review this Agreement with their own independent legal counsel prior to executing this Agreement. By executing this Agreement and Party acknowledges that they have acted upon the reliance and advice of their own independent legal counsel and have not relied upon any conversation, writing or remark of any other Party or legal counsel acting on behalf of any other Party hereto;

(iii) There is no person, entity or organization which owns or can claim to own any interest, in whole or in part, to any of the claims being released or assigned herein, other than the Parties to this Agreement;

(iv) Each of the Parties hereto is under no disability or contractual agreement that would limit their ability to enter into this Agreement and be fully bound to each of the terms contained within this Agreement;

(v) Gateway Bronco, a limited liability company, has authorized the individual signing of this Agreement to so execute this Agreement so as to bind Gateway Bronco to all of the terms and conditions contained herein.

7. **Construction of Agreement**. This Agreement shall be construed and enforced according to the laws of the State of Illinois. Each of the Parties hereto has independently had the opportunity to fully negotiate the terms of this Agreement and modify the draftsmanship of this Agreement. The terms of this Agreement shall be construed and interpreted without any presumption, inference or rule of law requiring the construction or interpretation of any provision of this Agreement against the interest of the Party causing this Agreement to be drafted.

9. **Integrated Agreement.** This is a fully integrated Agreement. This Agreement constitutes the entire agreement between the Parties pertaining to the subject matter of the settlement of and the final compromise of the disputes and all claims of the Parties to this Agreement. This Agreement supersedes all negotiations, preliminary agreements and all prior and contemporaneous discussions and understandings of the Parties hereto in

connection with the subject matter contained within this Agreement. No amendment, waiver, change or modification of any of the terms, provisions or conditions to this Agreement shall be effective, unless made in writing and signed or initialed by all of the Parties hereto or that Party's duly authorized against. A waiver of any provision of this Agreement shall not be deemed a waiver of future compliance herewith and such provisions subject to a claim of waiver shall remain in full force and effect until a court of competent jurisdiction issues a final determination that a waiver has occurred.

10. **Full Resolution of the Claims**. The consideration made above fully resolves all claims held by each of the Parties hereto.

11. **Severability.** Should any provision of this Agreement be deemed illegal, invalid or otherwise unenforceable, in whole or in part, by a court of competent jurisdiction, the remaining provisions of this Agreement shall be valid and enforceable to the fullest extent permitted by law. Additionally, any provision found to be illegal, invalid or otherwise unenforceable may by Court order be redrafted by the Court so as to comply with existing law.

12. **Further Assurances.** Each Party hereto agrees to execute all such further instruments and documents and to take all such further action as any other Party may reasonably require in order to give effect to the provisions and purposes of this Agreement.

13. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, all of which together shall constitute on agreement. In the making of proof thereon, it shall not be necessary to

produce or account for more than one such counterpart for each Party hereto. The execution and delivery of the signature pages appended hereto by electronic delivery shall be deemed the same as an original signature hereto.

14. **Effective Date.** The Effective Date of this Agreement is the date on which this Agreement becomes fully executed by all the Parties herein.

**GATEWAY BRONCO, LLC** **Date: ________________**

________________________________

**Seth Burgett, CEO and President**

**Date: ________________**

________________________________

**Tracy A. Brown**
**Chapter 7 Bankruptcy Trustee for**
**Broadway Truck Sales, Inc.**